**STATE OF VERMONT**
**Superior Court - Environmental Division**

===========================================================================
# E N T R Y  R E G A R D I N G  M O T I O N
===========================================================================

**In re SP Land Co., LLC Golf Course PUD,**                     **Docket No. 74-5-10 Vtec**

**Project:  Conceptual master plan review for proposed residential and commercial development along the Killington Resort Golf Course PUD**

**Applicant: SP Land Co., LLC**
         **(Appeal from Killington Planning Commission determination)**

Title: Motion for Summary Judgment (Filing No. 2)

Filed: August 20, 2010

Filed By: Timothy M. Eustace, Attorney for Appellee/Applicant SP Land Co., LLC

Response in Opposition filed on 9/22/10 by Daniel C. Hershenson, Attorney Appellant Stephen Durkee

Reply to Opposition filed on 10/19/10 by Attorney Eustace, for Appellee/Applicant SP Land Co., LLC

___ Granted                          ___ Denied                          _X_ Other

Appellant Stephen Durkee ("Appellant") has appealed from the Town of Killington ("Town") Planning Commission's ("Commission") grant of "conceptual Master Plan Approval" and the issuance of "partial affirmative findings" under the Town's Planned Unit Development ("PUD") criteria for a proposed residential and commercial development within the Killington Basin Section of the Ski Village Zoning District.

Pending before the Court is a motion for summary judgment by the project applicant, SP Land Company, LLC ("Applicant"). Applicant seeks a determination that Appellant does not have standing to bring this appeal. Separate motions for summary judgment about additional matters, including substantive matters addressed in Appellant's Statement of Questions, have also been filed by Applicant and Appellant, as well as the Town, an interested person. The period in which responses in opposition can be submitted for the latter motions is not yet tolled.

The Court prefers to first rule on the issue of Appellant's standing to prosecute this appeal, since that question goes to whether the Court has jurisdiction over the current appeal. If our analysis brings us to the conclusion that Applicant's motion should be granted, then the remaining motions would be rendered moot and would not require our review. If we conclude that Applicant's motion must be denied, we will then consider and rule upon the remaining motions and the specific Questions addressed in those motions.

However, whether Appellant has standing turns partially on the character of the decision from which Appellant appeals. After reading the filings in the record, we are still somewhat unclear about how to characterize the decision before us and the application upon which it was based. Therefore, before issuing a decision on standing, we must request additional information from the parties.

The Court requests that any party who wish to do so supplement its filings with additional memoranda that expressly address the question of upon what authority the Town's June 16, 2010 decision rests.  While the Court recognizes that the two principal parties and the Town have addressed this question to some degree in their motions for summary judgment on Appellant's Questions, we wish to give all of the parties the opportunity to respond specifically to this request before the Court renders its determination on Appellant's standing to prosecute this appeal.

The Court requests these additional filings to be completed by Monday, December 20, twenty days after the issuance of this decision.  Parties wishing to refer to documents already in the record, such as those that the Court has received in exhibit form, need only include a clear citation to the previously submitted document, rather than filing additional copies.

The Court also requests that the parties advise the Court about whether they believe a site visit or oral argument hearing would benefit the Court's review of the pending standing question. The Court requests that the parties confer together to determine whether they would like to recommend either, or both.  Such recommendations should also be delivered to the Court by December 20.

In the absence of a site visit or pre-trial hearing, after the December 20 deadline has passed for submission of the additional requested information, the Court will complete its review and issue a ruling on whether Appellant has standing to appeal the Commission's decision.  For the time being, Applicant's motion on Appellant's standing is neither granted nor denied.


_____          ___November 30, 2010_____
         Thomas S. Durkin, Judge                                      Date
=======================================================================
Date copies sent to:  _____                    Clerk's Initials _____
Copies sent to:
       Daniel C. Hershenson, Attorney for Appellant Stephen Durkee
       Timothy M. Eustace and Heather R. Hammond, Attorneys for Applicant SP Land Co., LLC
       Theodore F. Robare, Attorney for Interested Persons Trail Creek Condo. Homeowners Assoc.,
              Inc. and Pinnacle Condo. Assoc., Inc
       James F. Carroll, Attorney for the Town of Killington
       Christopher J. Larson, Attorney for Interested Person Mountain Green Condo. Assoc., Inc.